OPINION *Page 2 
{¶ 1} Defendant-appellant Rodney Eugene Zinn appeals denial of his motion for a new trial by the Stark County Court of Common Pleas.
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On November 1, 2006, at about two o'clock in the afternoon, Jennifer Hlavacek was working at Little Learners Child Care, located by Myers Lake, when she let in a woman who wanted a tour of the center. Once inside, the woman, Jessica Smith, asked for a phone book to call the police. In making the request, Smith also pointed outside to the car she came in. Inside this car, Hlavacek could see Rodney Zinn in the driver's seat. Hlavacek could also see an infant buckled into a car seat in the back passenger-side seat. Zinn then started driving around the parking lot recklessly, almost hitting cars. He twice got out of the car and attempted to enter the day care center, only to find the security door locked. Hlavacek saw Zinn get back into the car and bang his hands on the steering wheel. Hlavacek, concerned about the children at the center and the infant in Zinn's car, also called 911. Eventually, Zinn's car got blocked by the cars of other parents in the drop-off zone. Hlavacek told these parents to leave their cars there until the police arrive.
 {¶ 4} Sgt. Lou Darrow of the Stark County Sheriff's Office responded to the call. As he proceeded to the day care, he was given a description of Zinn and his car, as well as information of the two cars driven by parents which were blocking Zinn's vehicle. As he arrived at the day care center, Darrow approached Zinn's running car unseen. The deputy saw Zinn stretched out across the front seat, reaching for the floor on the *Page 3 
passenger side. Fearing a possible weapon, Darrow tapped on the window, identified himself as a police officer, and ordered Zinn out of the car. Once he was out of the car, Darrow had Zinn handcuffed and placed in the cruiser for safety purposes. Darrow then returned to Zinn's car and saw a baggie containing a white substance on the floor of the front passenger area where Zinn was reaching. This baggie was not underneath the passenger seat, but on the floor. Darrow field tested the substance, which tested positive for cocaine. Zinn was then placed under arrest.
 {¶ 5} On November 1, 2006 Appellant was charged with kidnapping, abduction, possession of drugs — cocaine, domestic violence and endangering children.
 {¶ 6} In 2006, the Stark County Grand Jury returned an indictment against Rodney Eugene Zinn, charging him with one count each of possession of cocaine and child endangering.
 {¶ 7} At his arraignment, Appellant pleaded not guilty to the charges.
 {¶ 8} The case proceeded to trial by jury in the Stark County Court of Common Pleas.
 {¶ 9} At trial, Jessica Smith testified on behalf of Appellant, claiming that she had set Appellant up because she was angry at him. Smith and Appellant had had a relationship together that resulted in a son, who was five months old at the time of this incident. Smith asserted that she had been arguing with Zinn all week leading up to his arrest, and wanted to set him up and see him in jail:
 {¶ 10} "Okay. I was moving from my duplex, and I was moving into a house.
 {¶ 11} "Previously all that week, that day, me and Rodney were arguing and, you know, so forth. *Page 4 
 {¶ 12} "I just wanted to set him up and see him in jail. I was just tired of him, tired of being with him. So that's what had happened that day.
 {¶ 13} "I planted cocaine in the car. I was going to call the cops and tell the cops to search and do that." T.(II) 141.
 {¶ 14} According to Smith, she borrowed a neighbor's car since she did not have a car. She then planted the baggie of cocaine underneath the passenger seat. Smith then asked Appellant to drive her to the Little Learners Day Care Center so that she could fill out some forms for her infant son to go to day care. When she got there, Smith called the cops and accused Appellant of kidnapping her. Smith admitted that when the police arrived, she told them that Appellant had kidnapped or abducted her, and that this was a domestic violence situation, none of which was true, according to Smith. (T. (II) at 141-145).
 {¶ 15} On cross-examination, Smith claimed that she got the baggie of cocaine at Gatsby's Pub, where she works, when someone apparently left it there. She took it home that night and used it the next day to allegedly frame Appellant. (T. (II) at 145-146, 155). In her three-page written statement to police, she claimed that Appellant was going to kill her and their child after doing drugs for two weeks. Once they got to the day care center, she was told to leave the baby, and then Appellant "took off crazy in the parking lot zooming around." She further wrote that she's "glad he is in jail because I am tired of his abuse. He won't leave me alone." (T. (II) at 150).
 {¶ 16} At the conclusion of trial, the jury found Appellant guilty as charged. *Page 5 
 {¶ 17} The trial court sentenced Appellant to a prison term of twelve months on the possession charge, and a concurrent 180-day jail term on the child endangering charge.
 {¶ 18} Appellant thereafter filed a motion for new trial pursuant to Crim.R. 33(A)(6), arguing that newly discovered evidence warranted a new trial. Appellant also argued that the prosecutor acted improperly in failing to disclose to Appellant before trial information about the ownership of the drugs found in his car. Specifically, Appellant asserted that a Dori Maydock called the prosecutor's office shortly after the return of the indictment and told a prosecutor that the drugs belonged to her boyfriend and not to Appellant. The prosecutor directed the woman to contact Appellant's attorney at the public defender's office and provide that office with this information. Appellant argued that this evidence was material and would have resulted in his acquittal.
 {¶ 19} The trial court conducted an evidentiary hearing on the motion on two different days. At the conclusion of the two-day hearing, the trial court overruled the motion by judgment entry, finding that the evidence of ownership of the drugs was not material.
 {¶ 20} Appellant filed the instant appeal to challenge the trial court's ruling, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 21} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN OVERRULING APPELLANT'S MOTION FOR A NEW TRIAL." *Page 6 
 I. {¶ 22} In his sole assignment of error, Appellant argues that the trial court erred in denying his motion for a new trial. We disagree.
 {¶ 23} Crim.R. 33 states, in relevant part, as follows:
 {¶ 24} "(A) Grounds
 {¶ 25} "A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 {¶ 26} "(1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;
 {¶ 27} "(2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;
 {¶ 28} "(3) Accident or surprise which ordinary prudence could not have guarded against;
 {¶ 29} "(4) That the verdict is not sustained by sufficient evidence or is contrary to law. If the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and shall pass sentence on such verdict or finding as modified;
 {¶ 30} "(5) Error of law occurring at the trial;
 {¶ 31} "(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered *Page 7 
evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses."
 {¶ 32} In the case sub judice, Appellant is arguing that he is entitled to a new trial under subsection (6), newly discovered evidence, i.e. evidence that someone else owned the cocaine found in Appellant's vehicle.
 {¶ 33} A trial court's ruling on a motion for a new trial under Crim.R. 33 will be reversed only for an abuse of discretion. State v.Petro (1974), 148 Ohio St. 505, 76 N.E.2d 370. An abuse of discretion is more than an error of law or judgment. It is a finding that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. The proper standard for determining whether the trial court abused its discretion is governed by the Petro case wherein the Supreme Court of Ohio held the following at syllabus:
 {¶ 34} "To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or *Page 8 
contradict the former evidence. (State v. Lopa, 96 Ohio St. 410, 117 N.E. 319, approved and followed.)"
 {¶ 35} Petro also cautions appellate courts to review the issue of newly discovered evidence from the record as a whole. Petro at 508,76 N.E.2d 370.
 {¶ 36} At the hearing on Appellant's motion for a new trial, the trial court heard testimony from Dori Maydock, the person who placed the telephone call to the Prosecutor's office, who testified that she was dating the man who loaned Appellant his car, and that the cocaine found in the car belonged to this man. The man, named Mike, was going to have a party that night, and told her that the cocaine belonged to him. Maydock felt that the situation wasn't right, and that the prosecutor should know about this. (T. at 5).
 {¶ 37} "When reviewing assertions of prosecutorial misconduct in connection with the prosecutor's alleged suppression of evidence, the key issue is whether the evidence suppressed is material. Such evidence is material only if a reasonable probability exists that the result of the trial would have been different had the prosecution disclosed such evidence to the defense." State v. Green, Cuyahoga App. No. 81232, 2003-Ohio-1722, at ¶ 20, citing Brady v. Maryland (1963), 373 U.S. 83,87.
 {¶ 38} A "reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome of the trial.United States v. Bagley (1985), 473 U.S. 667, 682. Thus, in order to establish a Brady violation, a defendant must prove the prosecution failed to disclose evidence upon request, the evidence was favorable to the defense, and the evidence was material. State v. Garn, Richland App. No. 02CA45, 2003-Ohio-820, at ¶ 23, citing Moore v. Illinois (1972),408 U.S. 786, 794-795. *Page 9 
 {¶ 39} "In determining whether the prosecution improperly suppressed evidence favorable to an accused, such evidence shall be deemed material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A `reasonable probability' is a probability sufficient to undermine confidence in the outcome." State v. Johnston (1988),39 Ohio St.3d 48, paragraph five of the syllabus, following United States v.Bagley [1985], 473 U.S. 667. The defense bears the burden of proving that the state suppressed material, exculpatory evidence. State v.Jackson (1991), 57 Ohio St.3d 29, 33.
 {¶ 40} Upon review of such claim, we find the trial court did not abuse its discretion in determining that Ms. Maydock's call to the prosecutor's office was not material. The information Ms. Maydock gave to the prosecutor over the telephone was hearsay. She was stating that her boyfriend "Mike" (no last name) told her that the drugs belonged to him. The prosecutor had no way of judging the credibility of such information or any possible motive for same. Furthermore, as there was already testimony presented at trial that the drugs did not belong to Appellant, there is no "reasonable probability" that the outcome of the trial would have been different.
 {¶ 41} Appellant's defense at trial, which was supported by testimony from Jessica Smith, was that Ms. Smith planted the cocaine in the car for the purpose of framing Appellant. She testified as to where she procured the drugs, how she borrowed the car, how she planted the drugs in the car, how she asked Appellant to go with her in the car and how she called the police when Appellant was driving the car. *Page 10 
 {¶ 42} Ms. Maydock's version of events is contradictory to Ms. Smith's testimony. As the trial court noted, either Appellant knowingly conspired to present perjured testimony at trial or Ms. Maydock's testimony is not credible.
 {¶ 43} Based upon the foregoing analysis, the trial court's denial of appellant's motion for a new trial was not unreasonable, arbitrary, or unconscionable. Thus, the trial court did not abuse its discretion in denying appellant's motion.
 {¶ 44} Accordingly, we hereby overrule Appellant's assignment of error.
 {¶ 45} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 Wise, J., Hoffman, P. J., and Edwards, J., concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs assessed to Appellant. *Page 1